U.S. BANKRUPTCY COURT
FILED
NEWARK, NJ
2014 JUN 20 PM 2:08
JAMES J. WALDRON
BY: DEPUTY CLERK

Khaleah London
294 Randolph Avenue Jersey City, NJ, 07304
(949) 302-1123
**Creditor**

| | |
|---|---|
| **KHALEAH LONDON**<br>CREDITOR / *(Plaintiff granted favor for Judgment of New Jersey Superior Court Order* **HUD DC – 23584-11)**<br><br>VS.<br><br>JOSEPH MBEH<br>DEBTOR & (Defendant) | UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br><br>CASE NUMBER: **13-34742-NLW**<br><br>**MOTION TO VACATE AUTOMATIC STAY** |

**Honorable Judge Novalyn L. Winfield**
**Bankruptcy Clerk's Office**
**MLK Jr. Federal Building**
**50 Walnut Street, THIRD FLOOR**
**Newark, NJ 07102**

7/14/14 @ 10 am

Dear Honorable Judge Novalyn L. Winfield,

This serves as a MOTION TO VACATE AUTOMATIC STAY as to property at **294 Randolph Avenue, Jersey City, NJ 07304 to permit secured creditor to proceed with perfected lien pursuant to rent levies on October 30, 2013.** *A Copy of Both Levies are attached as CREDITOR / PLAINTIFF's Document C.*

**Debtor has not paid mortgage since 2008 (7 years to date).**

**Mortgage lender, JP Morgan Chase Bank has *NOT* requested for rent receiver, as to date, to collect on the mortgage.**

**Mortgage lender, JP Morgan Chase Bank has proceeded in Foreclosure with a NOTICE OF MOTION TO RE-INSTATE CASE TO ACTIVE STATUS as of May 14, 2014. DOCKET NO: F-35212-09**

The debtor / defendant Joseph Mbeh, since 2008, continues to unethically and deliberately exploit, lending institutions, municipalities, government agencies, superior courts and – presently the United States Bankruptcy Courts – as means of accumulating profits and financial gain while simultaneously eluding from the associated fiscal responsibilities and legal liabilities.

This is the debtor's *THIRD* bankruptcy filing for protection under chapter 7. Debtor /defendant Joseph Mbeh filed for protection under Chapter 7 of the United States Bankruptcy Code on May 7, 2010, under DOCKET NUMBER 10-24135, in the District of New Jersey. Debtor's Bankruptcy was ultimately dismissed

on June 3, 2010 for **failure to file missing documents**. Again, on November 1, 2010, Debtor, Joseph Mbeh, filed for protection under Chapter 7 of the United States Bankruptcy Code, under DOCKET NUMBER 10-44024 in the District of New Jersey. Debtor's Bankruptcy was ultimately dismissed on January 14, 2011.

**Lastly, on November 12, 2013, Debtor Joseph Mbeh filed for the current and third attempt for** protection under Chapter 7 of the United States Bankruptcy Code, under DOCKET NUMBER 13-34742 in the District of New Jersey, thus imposing an automatic stay on the New Jersey Superior Court judgment against the debtor / defendant.

**April 9, 2012, *a bank levy was issued in pursuant to the judgment*** *of New Jersey Superior Court Order* **HUD DC – 23584-11**. *A Copy of the Bank Levy is attached as Creditor's / Plaintiff's Document B. A Copy of the Judgment is attached as Creditor's / Plaintiff's Document A.*

***However,*** debtor / defendant changed (his) bank account numbers, transferred funds to undisclosed accounts unaffiliated to (his) social security number, and declared to the New Jersey Superior court offices, to be with absolutely no other income; thus, the debtor's allegations supported (his) claim to only afford a meager $25 payment a month. Nevertheless, since May of 2012, **the defendant has not made one $25 payment towards the $12,724.80 judgment.**

**One year and 5 months later, October 30, 2013, the court issued a rent levy. Within full cooperation, the debtor's tenants called the courts upon receipt of their letters to pay their present /future 2013 - 2014 rental payments to the court offices. The debtor / defendant attempted to interfere and hinder the proceedings by making misleading phone calls to the court offices to deflect the rent levies. This transpired November 4 through November 6, 2013, and can be verified with *office administrator Ms. Yvette and Court Officer Rios at (201) 271-9387.***

***Despite the debtor's impudent attempt of manipulative pretenses, the rent levies prevailed, after the debtor's final phone call on November 6, 2013; congruently four (4) business days later the debtor filed a petition for the current voluntary chapter 7 Bankruptcy, on November 12, 2013.* The debtor, indeed, has lingering debts; however, the success of the rent levy served as the motivation for the debtor to file bankruptcy in a matter of hours / days thereafter to purposely impose an automatic stay.**

Indubitably, the rent levies, debt collection attempt of defendant / debtor's income towards the Superior Court judgment of **$12,724.80**, precipitated the debtor's bankruptcy filing as a final effort to evade the court order in its entirety. Therefore, **it is requested within your consideration for the last 8 months of rent collection by debtor from November 2013 to date of June 2014 be retroactive; within the proceedings of the rent levies to date - the judgment could have been completely paid off in full.**

**Thank you for your consideration and attention to this matter.**

**Very Truly Yours,**

6/16/2014

**Khaleah London**

**CREDITOR / Plaintiff**

DOCUMENT C
Pg. 1

P-4

SUPERIOR COURT NEW JERSEY
LAW DIVISION, SPECIAL CIVIL PART
HUDSON COUNTY

**OFFICER LOUIS SOTO RIOS**
**TEL: (201) 271-9503**
**FAX: (201) 271-9504**

**P.O. BOX 8203**
**NORTH BERGEN, NJ 07047**

OCTOBER 30, 2013

SCOTT RENZ & MATTHEW MAUER (ET AL
294 RANDOLPH AVENUE APT. # 2
JERSEY CITY, NJ 07304

RE: KHALEAH LONDON VS. JOSEPH M BEH
DOCKET # DC-023584-11 OUR FILE # 41177

RENT LEVY

DEAR SIR/MADAM:

THIS IS TO INFORM YOU THAT A JUDGMENT HAS BEEN FILED AT THE SUPERIOR COURT OF NEW JERSEY, HUDSON COUNTY, AGAINST **JOSEPH MBEH** IN THE AMOUNT OF **$12,724.80**. THEREFORE, THIS OFFICE IS AUTHORIZED TO SERVE YOU WITH THE COURT ORDER; VIA RENT LEVY.

EFFECTIVE IMMEDIATELY YOU ARE INSTRUCTED TO FORWARD YOUR RENTAL PAYMENTS TO THE CT.OFFICER LOUIS SOTO RIOS BEGINNING NOVEMBER 1, 2013 AND EVERY MONTH THEREAFTER UNTIL THE JUDGMENT IS PAID IN FULL. PAYMENTS ARE TO BE MADE AS FOLLOW:

**CT.OFFICER LOUIS SOTO RIOS**
**C/O NJ SUPERIOR COURT-HUDSON COUNTY**
**P.O. BOX 8203**
**NORTH BERGEN, NJ 07047**

IN ORDER FOR US TO PROCESS ALL PAYMENTS ACCORDINGLY, YOU MUST REFERENCE DOCKET NO. **DC-023584-11 AND FILE # 41177**, ON FRONT OF THE CHECK/MONEY ORDER.

SHOULD YOU HAVE ANY QUESTIONS PLEASE CONTACT MY OFFICE.

*******FAILURE TO COMPLY WITH THE COURT ORDER COULD RESULT IN CONTEMPT OF COURT.**

VERY TRULY YOURS,

CT. OFFICER LOUIS SOTO RIOS

DOCUMENT C, P-6
Pg. 2

**SUPERIOR COURT NEW JERSEY**
**LAW DIVISION, SPECIAL CIVIL PART**
**HUDSON COUNTY**

**OFFICER LOUIS SOTO RIOS**
**TEL: (201) 271-9503**
**FAX: (201) 271-9504**

**P.O. BOX 8203**
**NORTH BERGEN, NJ 07047**

OCTOBER 30, 2013

MAISHA KIALA
294 RANDOLPH AVENUE APT. # 1
JERSEY CITY, NJ 07304

RE: KHALEAH LONDON VS. JOSEPH M BEH
DOCKET # DC-023584-11 OUR FILE # 41177

RENT LEVY

DEAR SIR/MADAM:

THIS IS TO INFORM YOU THAT A JUDGMENT HAS BEEN FILED AT THE SUPERIOR COURT OF NEW JERSEY, HUDSON COUNTY, AGAINST **JOSEPH MBEH** IN THE AMOUNT OF **$12,724.80**. THEREFORE, THIS OFFICE IS AUTHORIZED TO SERVE YOU WITH THE COURT ORDER; VIA RENT LEVY.

EFFECTIVE IMMEDIATELY YOU ARE INSTRUCTED TO FORWARD YOUR RENTAL PAYMENTS TO THE CT.OFFICER LOUIS SOTO RIOS BEGINNING NOVEMBER 1, 2013 AND EVERY MONTH THEREAFTER UNTIL THE JUDGMENT IS PAID IN FULL. PAYMENTS ARE TO BE MADE AS FOLLOW:

**CT.OFFICER LOUIS SOTO RIOS**
**C/O NJ SUPERIOR COURT-HUDSON COUNTY**
**P.O. BOX 8203**
**NORTH BERGEN, NJ 07047**

IN ORDER FOR US TO PROCESS ALL PAYMENTS ACCORDINGLY, YOU MUST REFERENCE DOCKET NO. **DC-023584-11 AND FILE # 41177**, ON FRONT OF THE CHECK/MONEY ORDER.

SHOULD YOU HAVE ANY QUESTIONS PLEASE CONTACT MY OFFICE.

*******FAILURE TO COMPLY WITH THE COURT ORDER COULD RESULT IN CONTEMPT OF COURT.**

VERY TRULY YOURS,

CT. OFFICER LOUIS SOTO RIOS

DOCUMENT B Pg. 1

# SUPERIOR COURT NEW JERSEY
## Special Civil Part, Law Division
## County of Hudson

at the suit of:

KHALEAH LONDON
294 RANDOLPH AVENUE
Jersey City,NJ 07304

Plaintiff

JOSEPH MBEH
109 WEST 38TH ST SUITE 501
NEW YORK,NY 10018

Defendant

Special Civil Case Management Office
711 Admin Bldg
595 Newark Ave.
Jersey City, NJ 07306

**ON EXECUTION**
***Docket No.*** DC-023584-11
*File No.* 41177

# Notice To Defendant

On Monday, April 09, 2012, a judgment was entered against you by this court. A copy of the writ of execution is attached showing the total amount due of **$12,724.80**.

The following steps or any one of them can and will be taken to collect this judgment and may result in additional costs unless you contact the undersigned Court Officer immediately and make satisfactory arrangements to pay the total due.

- Except for public benefits such as welfare, Social Security, S.S.I., Veterans' unemployment, and workers' compensation, your cash assets may be seized.
- Your personal property may be seized and sold.
- You may be entitled to an exemption of $1,000 in cash and property.
- Goods that were part of this transaction that led to this judgment may be seized regardless of value.
- A portion of your wages over 154.50 per week may be paid to the the plaintiff.
- A lien may be placed against your real estate.

**Make And Mail All checks To:**

Court Officer Louis SotoRios

c/o Louis Soto Rios, Court Officer
P.O. Box 8203
North Bergen, NJ 07047
(201) 271-9503

**4/10/2012**
Dated

[signature]

Louis Soto Rios, Court Officer

DOCUMENT B pg. 2

DOCKET NO. : HUD DC-023584-11
JUDGMENT NO.: HUD VJ-004663-12
WRIT NUMBER : 001 ISSUED 03/28/12

SUPERIOR COURT OF NEW JERSEY
SPECIAL CIVIL PART
HUDSON COUNTY
STATE OF NEW JERSEY

04-03-12

LONDON
PLAINTIFF(S)

- VS -

MBEH JOSEPH
DEFENDANT(S)

-- EXECUTION AGAINST GOODS AND CHATTELS --

DEBTORS:
JOSEPH MBEH

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

ADDRESS OF FIRST DEBTOR:
109 WEST 38TH STREET
SUITE 501
NEW YORK NY 10018

TO: LUIS SOTO RIOS
COURT OFFICER OF THE SPECIAL CIVIL PART

YOU ARE ORDERED to levy on the property of any of the debtors designated herein; your actions may include, but are not limited to, taking into possession any motor vehicle(s) owned by any of the debtors, taking possession of any inventory and/or machinery, cash, bank accounts, jewelry, electronic devices, fur coats, musical instruments, stock certificates, securities, notes, rents, accounts receivable, or any item(s) which may be sold pursuant to statute to satisfy this execution in full or in part. Any levy pursuant to this writ shall exclude (1) all funds in an account of the debtor with a bank or other financial institution, if all deposits into the account during the 90 days immediately prior to service of the writ were electronic deposits, made on a recurring basis, of funds identifiable by the bank or other financial institution as exempt from execution, levy or attachment under New Jersey or federal law, and (2) all funds deposited electronically in an account of the debtor with a bank or other financial institution during the two months immediately prior to the account review undertaken by the bank or other financial institution in response to the writ that are identifiable by the bank or other financial institution as exempt from execution, levy or attachment under New Jersey or federal law. All proceeds are to be paid to the court officer who shall pay them to the creditor or the attorney for the creditor, or, if this is not possible, to the court. This order for execution shall be valid for two years from this date.
Local police departments are authorized and requested to provide assistance, if needed, to the officer executing this writ. This does not authorize entry to a residence by force unless specifically directed by court order.

| | |
|---|---|
| Judgment Date............... | 03/09/2012 |
| Judgment Amount............. | $11,500.00 |
| Costs and Atty. Fees........ | $57.00 |
| Subsequent Costs............ | $.00 |
| Total....................... | $11,557.00 |
| Credits, if any............. | $.00 |
| Subtotal A.................. | $11,557.00 |
| Interest.................... | $.00 |
| Execution Costs and Mileage................... | $11.00 |
| Subtotal B.................. | $11,568.00 |
| Court Officer Fee........... | $1,156.80 |
| Total Due This Date......... | $12,724.80 |

Date: 03/28/2012

Date: 04/02/2012

Mary K. Costello, PJSC
(Judge)

RUPERT HALLER,
CLERK OF THE SPECIAL CIVIL PART

SUPERIOR COURT OF NEW JERSEY SEAL

(Continued on following page)

MAKE ALL CHECKS PAYABLE TO
OFFICER LOUIS SOTO RIOS
P.O. BOX 8203
NORTH BERGEN, NJ 07047

# SUPERIOR COURT OF NEW JERSEY

## HUDSON VICINAGE

CHAMBERS OF
**CHRISTINE FARRINGTON**
JUDGE

Hudson County Administration Building
595 Newark Avenue
Jersey City, New Jersey 07306
(201) 795-6489

DOCUMENT A Pg. 1

March 9, 2012

Khaleah London
294 Randolph Avenue
Jersey City, NJ 07304

Joseph Mbeh
294 Forrest Street
Jersey City, NJ 07304

**Re: London v Mbeh**
**Docket No.-HUD-DC-023584-11**

Plaintiff Khaleah London sues to reduce to judgment delinquent payments due pursuant to a written agreement between herself and the defendant. Defendant Joseph Mbeh counterclaims for $15,000 on alleged unpaid taxes, utilities and mortgage payments on a property commonly known as Randolph Avenue. Plaintiff introduced the following items which were marked into evidence:

P-1 Agreement

P-2 Email

P-3 Letter of Constantine Bardis, Esq.

DOCUMENT A pg.2

P-4 Police report

P-5 Letter from Realtor

P-6 Sheriff Sale Notice

P-7 Hudson County Sheriff Sale adjournment

P-8 Leases

P-9 Deed

P-10 Leases on 294 Forrest Street

P-11 Letter from JP Morgan Chase Litigation substitution of attorney

P-12 City Auction for tax sale and unpaid water

P-13 MUA bill for $1,006.61

P-14 Letter from tenant

P-15 Pictures

P-16 Receipts for contractual repairs`

P-17 News article on use of Beyonce baby

P-18 Smoking Gun article

P-19 Utility bills

Defendant produced the following items which were marked into evidence with regard to his counterclaim

D-1 Lease agreement

DOCUMENT A
Pg. 3

D-2 Installment loan

D-3 Landlord tenant

D-4 Receipts

On or about August 27, 2010, the parties entered into a three page written agreement, signed by each of them before a witness and signed by a notary. The agreement provides in relevant part the following:

The agreement acknowledges that the parties jointly purchased the Randolph Avenue property. Both parties are named on the deed, only defendant is listed on the mortgage. They acknowledge that Defendant contributed $10,000 and plaintiff contributed $5000 toward the down payment on the property.

The agreement further acknowledges that plaintiff purchased a second property commonly known as 635 Ocean Avenue in or about 2006 for which defendant provided the deposit money. Defendant is entitled to collect rents from the property and responsible for paying the mortgage thereon. Plaintiff was to receive 25% of the proceeds of sale of that property. This property was in foreclosure as of the date of the agreement as the mortgage was not paid since August 2008.

3/9/2012

DOCUMENT A
PG. 4

The agreement further acknowledges that plaintiff purchased a third property, 30 Stegman Street in her name solely.

The agreement acknowledges that plaintiff loaned defendant $15,000 of which defendant repaid or received credit for $3,500, leaving a balance of $11,500. Defendant agreed to pay $50 per month for six months and $100 a month thereafter until the balance was paid. It further provides that the interests in the Randolph Avenue property are re-allocated 67% to plaintiff and 33% to defendant.

The agreement acknowledged that the credit rating of the plaintiff had been damaged by the non-payment of the mortgage by defendant. It recited the pendency of a short sale for the Ocean Avenue property and a loan modification for Stegman Street after which defendant was to undertake steps to restore plaintiff's good credit.

Defendant-Counterclaimant Joseph Mbeh seeks $15,000 on Randolph Avenue for unpaid taxes, utilities and mortgages on Randolph Avenue, the premises in which plaintiff has lived alone since defendant left "several years ago".

3/9/2012

DOCUMENT A
pg. 5

Plaintiff claims defendant has interfered with the short sale and restructuring of the mortgage loan. Defendant says plaintiff has lived rent free and owes him monies for unpaid taxes and utilities.

Both parties admit that they have known each other at least 15 years. For a period of time that relationship was platonic, but became romantic until disagreements led to separation and acrimony.

Their relationship is financially tangled. Many of the details outlined in the parties' testimony are not contained in the written agreement and the parties' testimony regarding these details are directly contrary. As a result, the Court will rely upon the written agreement, and the written agreement alone, as the best evidence of the parties' intent.

The Court enters judgment for plaintiff against the defendant in the amount of $11,500, plus $22 costs. The Court awards nothing on the counterclaim as the agreement makes no provision for rent, payment of taxes, utilities or any payments of any kind from the plaintiff to the defendant. The agreement

3/9/2012

DOCUMENT A
Pg. 6

could easily have provided for such payments if they were in the contemplation of the parties.

Sincerely,

Christine Farrington

Christine Farrington, J.S.C.

CF/bc